UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIRAN KAUR, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>THINGS REMEMBERED, INC.,<br><br>        Defendant. | Case No. 14-cv-05544-VC<br><br>**ORDER RE DISCOVERY DISPUTE AND MOTION TO CONTINUE**<br><br>Re: Dkt. Nos. 25, 31 |

      Counsel for the plaintiffs are ordered to show cause why the Court should not impose monetary sanctions on them, pursuant to its inherent authority, for their failure to diligently pursue this case on behalf of the people they propose to represent, and for unnecessarily wasting the time of the Court and opposing counsel in connection with the motion to continue the deadline to move for class certification.  In particular, counsel for the plaintiffs must explain why it was reasonable to wait almost four months (and until six days past the discovery cutoff) to move to compel responses to their discovery requests.  Counsel for the plaintiffs must also explain why they were justified in not taking anyone's deposition before the discovery cutoff.  The Court is aware that counsel for the plaintiffs hoped the case would settle, but that is not a reasonable justification for their failure to pursue the case, and their failure to meet the deadlines set at the prior case management conference.  To avoid sanctions, some other justification must be provided.  Counsel for the plaintiffs must file a brief responding to this order to show cause, not to exceed ten pages, no later than January 6, 2016 (that is, today).  The defendants may, if they wish, respond to that brief by January 13, 2016.

      The plaintiffs' motion to compel discovery, as set forth in the discovery letter filed by the

parties (Docket No. 31), is granted in its entirety, with the caveat that the defendants need not disclose home phone numbers, cell phone numbers, or Social Security numbers to the plaintiffs.

The motion to continue the deadline to move for class certification by 90 days is denied. However, because the defendants' refusal to respond to the plaintiffs' discovery requests was unreasonable, the Court will extend the deadline by 30 days, with the understanding that no further extensions will be granted. The following deadlines now apply:

- February 2, 2016, 1:30 pm: In-person case management conference (joint case management statement due 7 days prior).
- February 8, 2016: Last day for both sides to disclose list of witnesses who will provide testimony in support of or in opposition to class certification.
- February 22, 2016: Discovery cutoff (both for class certification and merits).
- March 1, 2016: Last day to file motion for class certification.
- April 1, 2016: Last day to file opposition to motion for class certification.
- April 11, 2016: Last day to file reply in support of motion for class certification.
- April 21, 2016: Hearing on motion for class certification.
- May 17, 2016, 1:30 pm: In-person case management conference (joint case management statement due 7 days prior).

In their opposition to the motion for class certification, the defendants should discuss: (i) whether, in general, incompetence or poor performance by counsel for plaintiffs in a proposed class action is a legitimate reason to deny class certification, even if all other requirements for class certification are satisfied; and (ii) if so, whether the Court should deny class certification for that reason in this case.

**IT IS SO ORDERED.**

Dated: January 6, 2015

_____
VINCE CHHABRIA
United States District Judge