UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KIRAN KAUR,
Plaintiff,
v.
THINGS REMEMBERED, INC.,
Defendant.

Case No. 14-cv-05544-VC

**ORDER DENYING MOTION FOR CLASS CERTIFICATION**

Re: Dkt. No. 49

Kaur's motion for class certification is denied, because the lawyers for the plaintiff cannot be trusted to "prosecute the action vigorously" on the unnamed plaintiffs' behalf, *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998), and therefore can't be trusted to adequately represent the interests of the proposed class.

"In assessing whether class representatives and their counsel will vigorously prosecute a class action litigation, courts may consider the actual progress of the proceedings to that point." *Kandel v. Brother Int'l Corp.*, 264 F.R.D. 630, 634 (C.D. Cal. 2010). The lawyers for the named plaintiff, Kiran Kaur, have delayed to the extreme in conducting discovery. On December 21 – the day before the discovery cutoff – Kaur moved to continue this motion for class certification, citing a discovery dispute that had arisen at the beginning of September. Kaur's lawyers did not adequately explain why they waited almost four months to bring this discovery dispute to the Court's attention. Moreover, Kaur's lawyers did not actually move to compel responses to Kaur's discovery requests for another week. Kaur's lawyers apparently did not take a single deposition before the discovery cutoff.

The Court, reluctant to hold the failings of Kaur's lawyers against her, extended the

discovery cutoff and the deadline for this class certification motion. But subsequent developments further indicate that Kaur's lawyers should not be trusted to represent a class of unnamed plaintiffs. Kaur's counsel agreed to let the defendant depose Kaur's co-plaintiff, Rebecca Lagassey, on January 21. In fact, however, Kaur's lawyers had lost track of Lagassey long before then. According to their January 26 case management statement, the lawyers had not communicated with Lagassey for "the last few months."[1] Despite knowing that Lagassey would not appear for her January 21 deposition, however, Kaur's lawyers did not even try to disclose this fact to the defendant until January 19. Moreover, when they belatedly sought to disclose this fact, Kaur's lawyers apparently buried it in a written filing addressed to one attorney who had left the defendant's firm and another who was on maternity leave. Counsel for the defendant thus only learned that Lagassey would not appear on January 20 – the day before her scheduled deposition.

And now, Kaur, through her lawyers, has moved to add a new named plaintiff to replace Lagassey. Kaur's lawyers filed the motion to add a new named plaintiff on the same day that they filed their motion for class certification, after the new deadline for the completion of discovery had passed (though the Court allowed the defendant to keep deposing witnesses until March 15, given the plaintiffs' earlier delays), and apparently without notifying the defendant of their desire to add a plaintiff at any point during the multi-month period after which they had lost Lagassey.

"Delays in seeking class certification, a failure timely to prosecute the litigation," and unprofessional conduct during discovery "are factors that suggest that the class representative is inadequate." *Kandel*, 264 F.R.D. at 634. All three of these factors weigh in favor of a finding that Kaur's lawyers are inadequate. And even where all the other requirements of Rule 23 are

[1] In a move that raises further concerns about their ability to portray basic facts accurately, Kaur's lawyers have since contradicted this statement, asserting that "[i]t was not until December, 2015, that [they] first became unable to contact" Lagassey. Dkt. No. 51-1 at ¶4. Even if that were true, however, it would not excuse the lawyers' conduct or alleviate the concern that they cannot be trusted to adequately represent a class of unnamed plaintiffs.

satisfied, class treatment is inappropriate where the plaintiff's counsel is inadequate to represent the class. *See Ries v. Arizona Beverages USA LLC*, No. 10-cv-01139-RS, 2013 WL 1287416, at *9 (N.D. Cal. Mar. 28, 2013). Accordingly, Kaur's motion for class certification is denied.

**IT IS SO ORDERED.**

Dated: April 19, 2016

VINCE CHHABRIA
United States District Judge